IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ERIC FLORES,                )
ID # 2051801,               )
    Plaintiff,          )
vs.                         )        No. 3:17-CV-3050-C-BH
                            )
LORIE DAVIS, et al.,        )
    Defendants.         )        Referred to U.S. Magistrate Judge

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening. Before the Court is the plaintiff's *Application to Proceed In Forma Pauperis* with the required certificate of inmate trust account, received November 20, 2017 (doc. 5). Based on the relevant filings and applicable law, this case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

### I. BACKGROUND

On November 3, 2017, the *pro se* prisoner plaintiff filed this action against various unnamed "corrupt state officials for the State of Texas" who "intentionally and knowingly unlawfully executed [him] by electric chair execution almost resulting in [his] death requireing [sic] medical treatment from a forensic medical professional to keep him from dieing [sic]." (doc. 2 at 1.)[1] On November 20, 2017, he amended his complaint to name the defendants as current and former directors of the Texas Department of Criminal Justice, Correctional Institutions Division. (doc. 4.) He contends that the defendants are either using, or indifferent to subordinates' use of, a computer "to electricute [sic] the plaintiff's brain to intimidate him to discontinue writeing [sic] to the courts"

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

after they "unlawfully executed [him] by electric chair execution, almost resulting in [his] death." (*Id.* at 5-6.) He also claims that he and his relatives are in imminent danger of "irreparable injury such as death" because prison officials are inflicting electric currents to sensitive parts of his brain, and they are also torturing his elderly mother and causing her severe abdominal and mental pain through the use of a direct signal to a satellite in outer space. (*Id.* at 9-11.) Prison officials are also allegedly using the satellite as well as mind-controlling computers to cause other persons to commit crimes. (*Id.* at 13-25.) The plaintiff seeks appointment of "a federal grand jury to conduct an investigation for want of prosecution" and a preliminary injunction to prohibit state officials from torturing him and his immediate relatives. (*Id.* at 6, 25.) No process has been issued.

## II. THREE STRIKES

The plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1915(g) of the PLRA, known as the "three-strikes" provision, provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). Partial dismissal of a prisoner's § 1983 complaint as frivolous and for failure to state a claim is counted as a strike. *See Flentroy v. Thaler*, 581 F. App'x 358 (5th Cir. 2014) (*per curiam*).

Here, the plaintiff has had at well over three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and he has been sanctioned by at least two courts. *See Flores v. Moore*, No. 3:16-CV-987-D, 2016 WL 3004847 (N.D. Tex. Apr. 12, 2016) (listing seven strikes and sanctions), *rec. adopted by* 2016 WL 3017392 (May 24, 2016).[2] He has also recently been sanctioned $100.00 by the Fifth Circuit Court of Appeals and barred from filing any pleading in a court subject to its jurisdiction until the sanction is paid in full, unless he first obtains leave. *See Flores v. Moore*, __ F. App'x __, 2017 WL 5152150

---

[2] The plaintiff's amended complaint states that he has not been sanctioned by any court as a result of any lawsuit he has filed. (*See* doc. 4 at 6, 27.)

3

(5th Cir. 2017) (assessing sanctions and noting four prior warnings that the plaintiff would face sanctions if he continued to file frivolous or repetitive pleadings). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

The plaintiff claims that he is in danger of "irreparable injury such as death" because prison officials are inflicting electric currents to sensitive parts of his brain. (*See* doc. 4 at 9-11.) His allegations are fantastic or delusional; he has made no credible allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

### III.  RECOMMENDATION

The plaintiff's request for leave to proceed *in forma pauperis* should be denied, and his claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full $400 filing fee[3] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

**SIGNED this 22nd day of November, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                   _____
                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE